IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LAND GRANTORS IN HENDERSON, UNION, AND WEBSTER COUNTIES, et al., | |
| Plaintiffs, | No. 93-648-1L |
| v. | Judge Susan G. Braden |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**OBJECTION TO COURT'S FEBRUARY 28, 2007 ORDER**

On February 28, 2007, this Court severed Plaintiffs' claims under the Tucker Act, 28 U.S.C. § 1491, and assigned them a new docket number, Case No. 93-648-1L. On March 5, 2007, Defendant filed an objection to the Court's February 28, 2007 Order, launching into the merits of disputed jurisdictional claims, which at bottom turn on whether the Court has jurisdiction to enter judgment under 28 U.S.C. § 1491.

Plaintiffs oppose Defendant's suggestion that the parties engage in additional briefing on these issues for three reasons. First, a severance order does not afford the parties a second bite at jurisdictional issues; rather, such orders are ministerial in nature and within the sound discretion of the Court. Second, the jurisdictional issues that Defendant raises its Opposition have already been fully briefed by both parties. Finally, the parties' resources would be better devoted to reaching a mediated settlement than to additional briefing of issues that have been fully vetted.

**Procedural Background**

On February 27, 2007, the Court's law clerk sent an e-mail to the parties, asking them for their approval of a draft mediation order. That proposed order referenced two docket numbers,

Docket No. 93-648X (the Congressional Reference claims) and Docket No. 93-648C (the Tucker Act claims). Plaintiffs agreed to the proposed order as drafted. Defendant objected to the order's inclusion of the Tucker Act claims, Docket No. 93-648C, because "Defendant considers this matter a congressional reference only." Def.'s Br. at 4. The Court responded by issuing a subsequent order, explaining that in light of the Plaintiffs' Second Amended Complaint, filed on October 3, 2005, which invoked the Court's jurisdiction under the Tucker Act as well as the Congressional Reference statute, the Court was ordering the severance of the Tucker Act claims from the Congressional Reference case, and assigned an entirely new docket number to the Tucker Act claims, No. 93-649-1L. Order (February 28, 2007) at 1.

On February 28, 2007, Defendant reiterated its objections to the severance order and the docketing of Plaintiffs' Tucker Act claims. E-mail from B. Shapiro to M. Spengler (Feb. 28, 2007). Defendant further suggested that additional briefing on the question of whether Plaintiffs should be able to bring claims under the Tucker Act was warranted. *Id.* Defendant itself noted that it had previously briefed these issues. *Id.*; *see also* e-mail from N. Marzulla to M. Spengler (Feb. 28, 2007).[1] On March 5, 2007, Defendant filed its Objection, restating the objections contained in its e-mails to the Court's law clerk.

---

[1] In that e-mail counsel for Plaintiffs wrote:

> These issues have already been briefed. Moreover, the parties have already agreed to disagree over certain legal issues, including the nature of the claims, etc. going into the mediation, and that no claims are waived if the case is not settled. Therefore, unless the Court believes that it would be helpful, Plaintiffs strongly oppose any additional briefing on these issues. Finally, Plaintiffs are optimistic that some if not all of these issues can be resolved in the course of the mediation.

E-mail from N. Marzulla to M. Spengler (Feb. 28, 2007).

**Argument**

**1. The Court Has Broad Latitude Over Its Docket, and to Issue Ministerial Orders Such as This Severance Order at Issue Here.**

"A [trial] court has substantial inherent power to control and manage its docket in order to achieve the orderly and expeditious disposition of cases, including the authority to decide the order in which to hear and decide pending issues." 33 Fed. Proc., L. Ed. § 77:17 (citing cases). *Beatrice Foods Co. v. New England Printing and Lithographing Co*., 899 F.2d 1171, 1177 (Fed. Cir. 1990) ("A trial court has broad discretionary authority in managing the litigation before it . . . ."); *Stephenson v. United States,* 37 Fed. Cl. 396, 401 (1997) ("[I]n the interest of conserving judicial resources, courts have discretion in administering their dockets."). This discretion encompasses the ministerial order at issue here severing the Congressional Reference claims from the Tucker Act claims.

**2. The Parties have Already Briefed and the Court Has Already Ruled on the Issue for Which Defendant Now Appears to Seek Additional Briefing.**

On September 8–10, 2004 and November 23, 2004, the Court held a trial on the merits in this case.[2] Following that trial, the Court held:

> [D]espite the unavailability of first-hand witnesses due to death or ill-health and the Government's claim that it no longer possessed a substantial number of relevant documents, the court held that the documents that were introduced at trial or in the public domain, as well as the testimony of the Government's experts, established by a preponderance of the evidence that the 1942-1944 contracts were based on a mutual mistake that no coal, gas, oil, or other mineral deposits existed under the condemned properties that would support exploration or operation.

---

[2] Defendant's assertion that "the Court's action is inconsistent with the parties' shared pre-trial expectations" is incorrect. *See Land Grantors v. United States*, 64 Fed. Cl. 661, 707–08 (2005) ("More importantly, the Government recognized in pre-trial proceedings the importance of mutual mistake with regard to coal, gas, oil, and other minerals, and proffered much of the evidence relevant in this regard. Therefore, there can be no question that the requirements of RCFC 15(b) have been met.") (citations and footnote omitted).

*Land Grantors v. United States*, 74 Fed. Cl. 518, 521 (2006).

On April 1, 2005, the Court issued an Interim Report Regarding S. 794, in which the Court ordered to parties to show cause why it should not enter judgment under 28 U.S.C. § 1491(a)(1) in favor of Plaintiffs under a mutual mistake contract theory of liability. *Land Grantors v. United States*, 64 Fed. Cl. 661, 717–18 (2005). On October 3, 2005, Plaintiffs filed their response, indicating their support for entry of final judgment under the Tucker Act on Plaintiffs' contract claims. Plaintiffs also filed a motion to file a Second Amended Complaint, specifically for the purpose of conforming the complaint to the proof elicited at trial as to the Tucker Act contract claims.

On October 11, 2005, Defendant filed is Response to the Court's Interim Report, arguing that the Court erred in holding that Plaintiffs were entitled to relief under the Tucker Act and discussing the same issues it has raised in its objection to the Court's severance order. On October, 18, 2005, Defendant filed its Answer, likewise objecting to the inclusion of Tucker Act claims in the Complaint. Defendant also filed an opposition to Plaintiffs' motion to amend its Complaint to include claims under the Tucker Act. On November 2, 2005, Plaintiffs responded to Defendant's Opposition to Plaintiffs' inclusion of the Tucker Act claims in the Second Amended Complaint, and Defendant replied on November 14, 2005.

On December 29, 2005, the Court ordered the parties to submit briefs addressing "whether certification is appropriate in light of the 2002 revision of RCFC 23, the evidence adduced at trial and thereafter, and the court's ruling that the April 15, 1965 filing of the Higginson suit as a class action . . . was sufficient to allow equitable tolling of the statute of limitations." *Land Grantors v. United States*, 69 Fed. Cl. 435, 436-37 (2005). The Court additionally requested "a statement of the requirements for class membership and a proposed

course of action for meeting the notice requirement." *Id*. at 437. Accordingly, on January 31, 2006, the parties filed briefs responsive to the Court's Order. Defendant, however, then moved to strike Plaintiffs' responsive filing. Defendant's motion to strike centered around the objection at issue here—Defendant's continuing objection to allowing Plaintiffs' to assert claims under the Tucker Act. Plaintiffs responded to Defendant's motion to strike, arguing among other things that "that the parties have already fully briefed the jurisdictional issues." Pls.' Opp. (Mar. 2, 2006) at 7.

This brief recounting of the history of briefing that has already occurred in this case on these jurisdictional issues demonstrates that the issues have been fully vetted. Therefore, Plaintiffs submit that any additional briefing on this issue would be wasteful of the Court's and the parties' limited resources, and is at odds with the parties' agreement to begin mediation discussions.

**3. The Parties Should Direct Their Attention to the Pending Mediation, As Opposed to Re-Briefing Legal Issues.**

The Court has appointed Justice Sandra Day O'Connor to serve as a mediator in this case for a term of 120 days. That term began to run on March 1, 2007. Rather than spending valuable time during this mediation term briefing an issue for which the Court has already ruled and the parties have already briefed (on several occasions), the parties should instead focus their attention on the mediation in this case in order to work toward reaching a final resolution of this matter. Simply put, while Defendant may disagree with the Court's ruling, at this juncture the parties' time is best spent mediating rather than re-litigating already decided issues.

**Conclusion**

Plaintiffs submit that the parties should proceed to mediation, and attempt to reach a settlement on a fair and reasonable basis. Plaintiffs further submit that additional briefing on the

issue of whether Plaintiffs' Tucker Act claims should be part of this lawsuit is unwarranted and unnecessary.

Respectfully submitted,

s/ Nancie G. Marzulla
Nancie G. Marzulla
Roger J. Marzulla
MARZULLA & MARZULLA
1350 Connecticut Avenue, Suite 410
Washington, DC 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: March 20, 2007

Counsel for Plaintiffs

Of Counsel:

M. Stephen Pitt
Merrill S. Schell
Jean Bird
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
(502) 589-5235
(502) 589-0309 (facsimile)