**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LAND GRANTORS IN HENDERSON, UNION and WEBSTER COUNTIES, KENTUCKY and THEIR HEIRS, | ) | |
| Claimants, | ) | No. 93-648 X<br>No. 93-648-1L<br>No. 93-648-1X |
| v. | ) | Judge Susan G. Braden |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**THE UNITED STATES' RESPONSE TO CLAIMANTS' NOTICE OF WITHDRAWAL**

On May 18, 2007, Claimants filed a Notice of Withdrawal, invoking their right to terminate the mediation. See Claimants' Notice of Withdrawal (Docket No. 231). In their Notice of Withdrawal, Claimants propose that the Court continue the stay on Claimants' Tucker Act claims. In addition, Claimants request that the Court "order the parties to file simultaneous final congressional reference briefs within 60 days and that the Court thereafter issue a final report on the congressional reference." Id.

Claimants request that the Court continue the "current stay of the Tucker Act claims," presumably until final resolution of the Congressional reference claims. See id. The United States disagrees with this proposal and respectfully requests that the Court stay the Congressional reference claims and resolve the Tucker Act claims first. More specifically, the United States suggests that the Court first rule on the United States' Objection to the Filing of Claimants' Proposed Second Amended Complaint (Docket No. 185). If the Court permits the filing of the Second Amended Complaint, the United States suggests that the Court allow the government an

opportunity to challenge Claimants' Tucker Act claims through a motion to dismiss. If the Court denies the United States' Objection and also denies the government's motion to dismiss, the Tucker Act claims should be ready for final judgment without further proceedings.

The Court's First Interim Report afforded Claimants an opportunity to "file a concise Second Amended Complaint to conform to the evidence and issues tried in this case, as specifically discussed herein." Landgrantors v. United States, 64 Fed. Cl. 661, 708 (2005). In addition, based on its understanding that Claimants' First Amended Complaint had invoked the Court's jurisdiction under the Tucker Act, 28 U.S.C. Section 1491, as well as the Congressional reference statutes, 28 U.S.C. Sections 1492 and 2509, the Court directed the parties to show cause why the Court should not enter final judgment under the Tucker Act and stay the Congressional reference claims. Id. at 717-18; id. at 695-96 (stating the Court's understanding that the First Amended Complaint had sought jurisdiction under "both 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 2509(c)").

The United States responded to the Court's show cause order on October 3, 2005, in which it noted that Claimants' First Amended Complaint had not sought jurisdiction under the Tucker Act. See Def.'s Resp. to the Court's Show Cause Order (Docket No. 181). Rather, the First Amended Complaint alleged only Congressional reference claims. See, e.g., First Am. Compl. ¶ 1 ("This matter is before the Court under the jurisdiction of 28 U.S.C. §§ 1492 and 2509."). Claimants filed a Second Amended Complaint on the same date – October 3, 2005 – and, for the first time, alleged claims under the Tucker Act. See Second Am. Compl. ¶ 1. The United States objected to the filing of Claimants' Second Amended Complaint, arguing, *inter alia*, that Claimants' newly-asserted Tucker Act claims had not been "tried by express or implied consent of

the parties," as required by Rule 15 of the Court of Federal Claims in order to justify the filing of an amended complaint after trial. See Def.'s Opp'n to Filing of Claimants' Proposed Second Am. Compl. (Docket No. 185). The government understands that its objection to the filing of the Proposed Second Amended Complaint is pending and has not been formally resolved.

It is the United States' position that Claimants' Tucker Act claims are untimely, without merit, and outside this Court's jurisdiction. If the Court is inclined to permit the filing of the Second Amended Complaint, the United States proposes that the Court stay the Congressional reference claims and allow the government an opportunity to pursue a motion to dismiss the Tucker Act claims. This is the procedure the Court previously suggested. See, e.g., Landgrantors v. United States, 74 Fed. Cl. 518, 523 (2006) (suggesting that the Court may stay the congressional reference claims if "the court exercises jurisdiction under 28 U.S.C. § 1491").

If the Court is instead inclined to adopt Claimants' proposal and proceed immediately with resolution of the Congressional reference claims, the United States believes those claims are fully briefed. Hence, unless the Court has specific questions on any outstanding issues, the government does not endorse Claimants' proposal that the parties simultaneously file additional post-trial memoranda. Following lengthy pre-trial proceedings, the Court conducted a trial on the remaining Congressional reference claims in September and November 2004. The parties filed extensive post-trial briefs, which addressed the trial evidence and the parties' arguments. See Claimants' Post-Trial Br., dated Jan. 24, 2005 (94 pages of text); Def.'s Post-Trial Mem., dated Jan. 24, 2005 (161 pages of text); see also Def.'s Resp. to Claimants' Post-Trial Mem., dated Feb. 14, 2005. The Court issued a lengthy interim report on April 1, 2005. If the Court believes additional post-trial briefing on certain issues would assist it in its final resolution of this

matter, the United States would be pleased to address those specific questions. However, Claimants' suggestion of open-ended simultaneous briefing would be of little value to the Court. If the Court would find additional briefing on particular issues helpful, the United States proposes that the Court identify those issues and establish a briefing schedule to address those issues.

In summary, if the Court is inclined to permit Claimants to file their Proposed Second Amended Complaint over the government's Objection, the United States proposes that the Court stay Claimants' Congressional reference claims and permit the government to file a motion to dismiss Claimants' Tucker Act claims. If the Court is instead inclined to stay the Tucker Act claims and address the Congressional reference claims, the United States opposes the filing of additional post-trial memoranda unless further briefing on particular issues would be helpful to the Court.

Respectfully submitted this _29_ day of May, 2007,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division

_/s William J. Shapiro___________________
WILLIAM J. SHAPIRO, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
501 I Street, Room 9-700
Sacramento, CA 95814
(916) 930-2207 (phone)
(916) 930-2210 (fax)

TOM C. CLARK II
Principal Deputy Section Chief
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street, NW
Suite 3152
Washington, DC 20530
(202) 514-3553 (phone)
(202) 305-0506 (fax)

Attorneys for the United States

Of Counsel:

Dale Holmes
Stephen J. Allison
U.S. Army Corps of Engineers
600 Dr. Martin Luther King Place
Louisville, KY 40202

Martin Cohen
U.S. Army Corps of Engineers
20 Massachusetts Ave., N.W.
Washington, DC 20314-1000