# In the United States Court of Federal Claims

No. 93-648X
No. 93-6481L
Filed July 31, 2007
**TO BE PUBLISHED**

| | | |
|---|---|---|
| LAND GRANTORS IN HENDERSON, UNION, and WEBSTER COUNTIES, KENTUCKY and THEIR HEIRS, | * | |
| Plaintiffs, | * | Amended Complaint; RCFC 15(b). |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |

**THIRD INTERIM REPORT, MEMORANDUM OPINION, AND ORDER**

## I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

On December 14, 2006, the court filed a Second Interim Report, Memorandum Opinion, and Order regarding: additional discovery and filings made from April 1, 2005 to December 14, 2006; the decision of the United States Court of Appeals for the Federal Circuit to consider *en banc* a case considering the scope of the presumption of equitable tolling,[1] discussed in *Irwin* v. *Department of*

[1] In that case, *Kirkendall* v. *Department of Army*, 479 F.3d 830 (Fed. Cir. 2007) (en banc), the United States Court of Appeals for the Federal Circuit subsequently held that the presumption of equitable tolling was not rebutted in the Veterans Employment Act of 1998, 5 U.S.C. § 3330a. Our appellate court, however, on other occasions and in other statutory contexts, has addressed whether statutes of limitations may be equitably tolled in suits against the Government. *See, e.g., Oja* v. *Dep't of Army*, 405 F.3d 1349 (Fed. Cir. 2005) (equitable tolling does not apply to judicial review of Merit Systems Protection Board decisions under 5 U.S.C. § 7703(b)(1)); *Martinez* v. *United States*, 333 F.3d 1295, 1318 (2003) (declining to decide whether equitable tolling applies to 28 U.S.C. § 2510); *Jaquay* v. *Principi*, 304 F.3d 1276, 1286 (Fed. Cir. 2002) (en banc) (equitable tolling applies to the time limit for appealing decisions of the Board of Veterans' Appeals under 38 U.S.C. § 7266(a)); *Brice* v. *Sec'y of Health and Human Servs*., 240 F.3d 1367, 1372 (Fed. Cir. 2001) (equitable tolling does not apply in compensation actions under the National Childhood

*Veterans Affairs*, 498 U.S. 89, 95-96 (1990); and to request the parties concurrence to the designation of a mediator in this case to ascertain whether a settlement could be achieved. *See Land Grantors* v. *United States*, 74 Fed. Cl. 518 (2006).

On February 28, 2007, the court issued a Mediation Order appointing Justice Sandra Day O'Connor to serve as a mediator, pursuant to RCFC Appendix H. On May 18, 2007, however, Plaintiffs provided the court with Notice of their decision to withdraw from the mediation.

On May 29, 2007, the Government "respectfully request[ed] that the Court stay the Congressional Reference claims and resolve the Tucker Act claims first." Gov't Response to Notice of Withdrawal at 1, *Land Grantors* v. *United States*, No. 93-648L, Dkt. No. 232 (Fed. Cl. May 29, 2007). If the court decides to allow the filing of the Second Amended Complaint, the Government requested to file a Motion to Dismiss. *Id*. On June 27, 2007, the court convened a status conference to ascertain how Plaintiffs wanted to proceed. On July 6, 2007, Plaintiffs advised the court of their concurrence in the procedure suggested by the Government. Pl. Response to Status Conference at 1, *Land Grantors* v. *United States*, No. 93-648L, Dkt. No. 233 (Fed. Cl. July 6, 2007).

## II. DISCUSSION.

On October 3, 2005, a Second Amended Complaint was filed in response to the Court's April 1, 2005 Order allowing Plaintiff to amend, pursuant to RCFC 15(b).[2] *See Land Grantors* v. *United States*, 64 Fed. Cl. 661, 708 (2005). On October 21, 2005, the Government filed an Opposition, arguing that "plaintiffs raise a legal theory and basis of jurisdiction that was not tried by express or implied consent of the parties during September 8-10, 2004." Gov't Opp. at 2, *Land Grantors* v. *United States*, No. 93-648L, Dkt. No. 185 (Fed. Cl. Oct. 21, 2005) (citing *Laningham* v. *United States*, 5 Cl. Ct. 146 (1984) (holding that, although a Motion to Amend,

---

Vaccine Injury Act); *Bailey* v. *West*, 160 F.3d 1360, 1362–68 (Fed. Cir. 1998) (en banc) (same); *RHI Holdings, Inc.* v. *United States*, 142 F.3d 1459, 1461–63 (Fed. Cir. 1998) (equitable tolling does not apply in tax refund cases under 26 U.S.C. § 6532(a)(3)).

[2] RCFC 15(b) provides:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings . . . may be made upon motion of any party at any time . . . but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.

pursuant to RCFC 15(b), usually should be granted "the application of this rule must be limited to issues which were actually tried by express or implied consent of the parties, so as to prevent prejudice to the opposing party and permit an opportunity to defend all new claims.")).

In *Cedars-Sinai Med. Center* v. *Watkins*, 11 F.3d 1573 (Fed. Cir. 1993), however, the United States Court of Appeals for the Federal Circuit held that, in considering Fed. R. Civ. P. 15(b), the federal rules "are quite permissive in permitting a party to amend its Complaint to conform to the evidence and to the positions taken at trial." *Id*. at 1582; *see also* 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FED. PRACTICE & PROCEDURE § 1493 ("consent under [Fed. R. Civ. P. 15(b)] generally is found when . . . the party opposing the motion to amend actually produced evidence bearing on the new issue."))).

In this case, the Government introduced at trial the primary evidence on which Plaintiffs based the Amended Complaint's mutual mistake claim. Accordingly, the Government cannot "satisfy the court that the admission of such evidence would prejudice the [Government] in maintaining . . .[the] defense upon the merits." RCFC 15(b).

## III. CONCLUSION.

Accordingly, the court denies the Government's October 21, 2005 Objection to filing of Claimants' Second Amended Complaint. Plaintiff's October 3, 2005 Second Amended Complaint, filed in response to the Court's April 1, 2005 Order, comports with the standards of RCFC 15(b). The court grants the Government's request to file a Motion to Dismiss in Case No. 93-6481L.

The court also grants the parties request to stay the congressional reference, Case No. 93-648X. *See Benson* v. *United States*, 141 Ct. Cl. 273 (1958); *see also Hardeman-Monier-Hutcherson* v. *United States*, 458 F.2d 1364, 1373 (Ct. Cl.1972).

The Government should file a Motion to Dismiss in Case No. 93-648L and any other dispositive motions on the merits no later than October 1, 2007.

**IT IS SO ORDERED.**

s/Susan Braden
**SUSAN G. BRADEN**
**Judge**